

NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**VIA CM/ECF – Letter Motion**
Honorable Vernon S. Broderick
United States District Court
Southern District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10017

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.  02/03/2022

February 2, 2022
Case No. US0003

**Nicholas Paine**
Of Counsel | Attorney at Law
nicholas.paine@zeilerfloydzad.com
mobile: +1 917 882 4566

**RE: Rinaldi v. SCA La Goutte 1:16-cv-01901 (VSB)**

Dear Judge Broderick,

Our Firm represents Defendant/Counterclaim Plaintiffs SCA La Goutte D'Or and SAS Ch. & A. Prieur ("Defendants") in the above referenced matter. In accordance with the Court's Order of January 21, 2022 (Dkt. 184), the Court's Individual Rules & Practices in Civil Cases Section 5(B)(ii) and (iii)(b), Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, we write to respectfully request that certain documents may be filed under seal.

Those papers are documents which Defendants intend to file in connection with their upcoming supplemental submission regarding remote testimony at trial as addressed during the January 21, 2022, pre-trial conference. Those documents include 21 pages accompanying this letter motion (the "Documents"), as well as what is expected to be a forthcoming declaration by the witness proposed for remote testimony (the "Declaration"). Other documents requested by the Court in support of Defendants' request for a witness to testify remotely at trial will be submitted pursuant to the Court's instructions at the January 21, 2022, pretrial conference.

The Documents and Declaration are in support of the supplemental submission requested by the Court as it relates to Defendants' request for a witness to testify at trial remotely from France. With regards to this Declaration, we would ask the Court to consider it in conjunction with the supplemental submission on remote testimony, and allow for it too to remain under seal, as this Declaration will be filed subsequent to this letter-motion, but prior to the

**Zeiler Floyd Zadkovich (US) LLP**
215 Park Avenue South, 11th floor, New York, NY, 10003 USA

Zeiler Floyd Zadkovich (US) LLP is a limited liability partnership established in the State of New York, advising only on laws of the United States of America. Zeiler Floyd Zadkovich (US) LLP is a member firm of Zeiler Floyd Zadkovich (a Swiss Verein). Each member of the Swiss Verein is separately insured and practices law independently of other member firms.
The Swiss Verein does not provide any legal services.

ONE GLOBAL TEAM.
FOCUSED ON WHAT YOU DO.

zeilerfloydzad.com



ZEILER FLOYD ZADKOVICH

NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

deadline the Court has set for filing of the supplemental submission on remote testimony. Finally, as to the supplemental submission on remote testimony, Defendants seek an order allowing for references to the information contained in the Documents and the Declaration to be redacted in the public filing.

While there is a common law right to public access to judicial documents, that right is not absolute. *Id.* The decision to seal is "one best left to the sound discretion of the trial court, a discretion to be exercise in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.* 435 U.S. 589, 599 (1978) (cited by *Allianz Global Investors GmbH v. Bank of American Corp.*, 18-cv-10364, 2021 WL 211544, at *2 (S.D.N.Y. Jan. 21, 2021).

The Second Circuit articulated a three-step process for determining whether documents should be placed under seal. First, the court must determine whether the documents are judicial documents. *Id.* A "judicial document" is an "item […] relevant to the performance of the judicial function and useful in the judicial process." *Id.* Second, once it is determined that the item to be sealed is a judicial document, the court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quotations omitted). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within the court's purview solely to insure their relevance." *Id.* (quotations omitted). Third, the court "must balance competing considerations against it." *Id.* at 120 (internal quotations omitted). "Such countervailing factors include […] the privacy interests of those resisting disclosure." *Id.* (quotations omitted). It has been held that any presumption favoring access is, in connection with non-dispositive motions, "generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as a motion for dismissal or summary judgment." *Valassis Comms. v. News Corp.*, 17-cv-7378, 2020 WL 2190708, at *2 (S.D.N.Y. May 5, 2020) (quotations and citations omitted).

Here, the proposed sealing concerns information that is not known to the public, and is known only as a result of review of certain personal documents provided to counsel by one of Defendants' witnesses. Further, the Documents and Declaration are not at the heart of what this Court must consider. *Century Indem. Co. v. Axa Belgium*, 11-cv-7263, 2012 WL 4354816, at *14 (S.D.N.Y. Sept. 24, 2012). As the Documents and Declaration do not concern public health or safety, do not involve a public entity or official, and are not at the heart of what the parties have asked, any interest that the public would have in the Documents and Declaration

ONE GLOBAL TEAM.
FOCUSED ON WHAT YOU DO.

zeilerfloydzad.com



is accordingly minimal. Conversely, the right to maintain the confidentiality of personal information not known to the public falls well within the range of "higher value" that trumps hypothetical public interest in accessing the Documents and Declaration. *See Lugosch*, 435 F.3d 110 at 124 ("Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand.").

Good cause exists to justify placing the Documents and Declaration under seal to maintain their confidentiality. Further, the sealing of these Documents and Declaration is narrowly tailored to protect the confidential personal information pertaining to a witness in this action and to prevent the unauthorized dissemination of personal data subject to Regulation (EU) 2016/679 (the "General Data Protection Regulation" or "GDPR") and to protect the privacy interest of the relevant witness. *See Allianz Global*, 2021 WL 211544, at *2. It is respectfully submitted that no interests will be prejudiced by keeping the Documents and Declaration under seal. Indeed, neither the Documents nor the Declaration contain information that concerns matters of public interest. Finally, pursuant to the Judge's Individual Rules, Rule 5.B., any reference to the information in the Documents and Declaration in the public filing should likewise be redacted for the reasons described above relating to preservation of the confidential information contained therein.

On February 1, 2022, undersigned counsel contacted Plaintiff's counsel regarding filing Documents and the Declaration under seal, and redactions to the supplemental submission. As of this filing, Plaintiff has not responded to requests for Plaintiff's position. The Parties previously agreed on redactions concerning similar confidential information in letters submitted to the Court pertaining to Defendant's request for remote testimony.

Wherefore, Defendants respectfully request that this Court issue an Order directing that the Documents filed contemporaneously with this Letter Motion be kept under seal. Further, Defendants request that the Declaration to be filed can also be done under seal. Finally, Defendants request the supplemental submission may be filed with appropriate redactions based on the Documents and Declaration filed under seal. We thank the Court for its consideration.

Best regards,

*/s/ Nicholas W. Paine*
Nicholas W. Paine
*Counsel for Defendants*

**CC:** All counsel of record via CM/ECF