UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
MARIO RINALDI,                            :

                         Plaintiff,         :

                                          :                16-CV-1901 (VSB)
              - against -            :

                                          :              **OPINION & ORDER**

SCA LA GOUTTE, D'OR, et al.,      :

                       Defendants.  :

------------------------------------------------------------X

Appearances:

Thomas Edward Butler
Nicole Ann Sullivan
White and Williams LLP
New York, New York

*Counsel for Plaintiff*

Edward William Floyd
Eva-Maria Mayer
Nicholas Paine
Zachary Barger
Floyd Zadkovich LLP
New York, New York

*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Before me is Defendants' motion for an order allowing Isabelle Grzeszezak to testify at trial remotely from France using videoconferencing technology. (Docs. 191 & 192.) Because I find good cause and compelling circumstances to allow Ms. Grzeszezak to testify remotely, and because I am not aware of any French law that would prevent such testimony, Defendants' motion is GRANTED.

I. **Procedural History**

On December 2, 2021, I scheduled a final pretrial conference for January 21, 2022 at 10:30 a.m. (Doc. 171.) On January 13, 2022, Plaintiff filed a letter on ECF opposing Defendants' request to allow a witness to testify remotely, (Doc. 176); however, I had not yet seen the request to which Plaintiff was objecting. Plaintiff then placed his letter under seal. On January 18, 2022, Defendants emailed a "letter motion" to my Chambers inbox instead of filing the letter motion on ECF, on the grounds that the letter contained confidential information. I asked Defendants to provide additional information in support of their request. On January 20, 2022, Defendants emailed my Chambers inbox the requested information, and Plaintiff emailed my Chambers inbox an opposition to Defendants' January 18, 2022 letter motion. At the final pretrial conference on January 21, 2022, I "direct[ed] the parties to file all of the aforementioned emailed materials on the docket retroactively redacted and/or under seal as necessary so that they may be part of the court's record." (Doc. 189 ("Pretrial Conf. Tr.") 28:9-12.) The parties later did so. (*See* Docs. 196, 197, 198, 199.). I also preliminarily denied Defendants' request, but granted Defendants leave to file a new motion and supplement the record with additional evidence in support of remote testimony. (Pretrial Conf. Tr. 18:21-25.) I further asked Defendants to "confirm that such testimony would be permitted under French law . . . [and] what, if any, requirements need to be met under French law for such testimony to be taken." (*Id.* 30:8-14.)

On February 2, 2022, Defendants filed a letter motion to seal documents in support of their request for remote testimony, (Doc. 185 ("Defs.' Request to Seal"); Doc. 186 ("Defs.' Sealed Documents")), which I granted, (Doc. 187). On February 4, 2022, Defendants filed a motion for an order allowing Isabelle Grzeszezak to testify at trial remotely from France by

videoconferencing technology, with a redacted memorandum of law publicly filed, (Doc. 191 ("Defs.' Mot.")), and an unredacted memorandum of law filed under seal, (Doc. 192 ("Defs.' Sealed Mot.")).  On February 9, 2022, pursuant to my scheduling order, (Doc. 193), Plaintiff publicly filed a redacted opposition, (Doc. 201 ("Pl.'s Opp.")), and a sealed opposition, (Doc. 200 ("Pl.'s Sealed Opp.")).  On February 10, 2022, Defendants publicly filed a redacted reply, (Doc. 202 ("Defs.' Reply")), and a sealed reply, (Doc. 203 ("Defs.' Sealed Reply")).

## II. Discussion

Federal Rule of Civil Procedure 43(a) provides, in full,

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).  According to the Second Circuit, Rule 43(a) gives a judge "discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards." *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020).  The Advisory Committee on the Federal Rules of Civil Procedure has further explained, "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.  Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.  However, the Advisory Committee also said that, "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." (*Id.*)[1]

---

[1] The parties spend much of their briefings arguing about whether Plaintiff had previously agreed to remote testimony and went back on his word.  (Defs.' Mot. 4–6, 9; Pl.'s Opp. 11–12; Defs.' Reply 7–8.).  I do not resolve this factual dispute, and, in any event, for the purpose of my determination of whether good cause exists, it would only be relevant if the parties were currently in agreement about remote testimony.  *See* Fed. R. Civ. P. 43(a)

I have reviewed the materials Defendants have submitted in support of their motion, including but not limited to a Declaration from Ms. Grzeszezak. (*See generally* Defs.' Sealed Documents; Defs.' Sealed Mot.")  I find that Defendants have shown good cause and compelling circumstances to permit Ms. Grzeszezak to testify remotely.  I am unpersuaded by Plaintiffs' conclusory arguments that Defendants' reasons are "contrived," and that Ms. Grzeszezak simply does not want to attend trial.  (*See* Pl.'s Opp. 1, 2, 5, 7, 8.)  As an initial matter, it is not clear what Defendants mean when they say the reasons are "contrived," since they do not appear argue that the facts in Ms. Grzeszezak's declaration and the other supporting documents were made up, or that Ms. Grzeszezak undertook any actions to avoid testifying in person.  Ultimately, regardless of what Ms. Grzeszezak wants to do, Defendants have demonstrated good cause for allowing her to testify at trial via "contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).

I also find that the remote testimony will have "appropriate safeguards." *Id.*  I am confused by Plaintiff's argument that "conducting cross-examination at a trial via video of a party is near impossible, unless [] [the witness] is given full advance notice of all documents to be used during such inquiry."  (Pl.'s Opp. 10 (quoting *Teller v. Helbrans*, 19-CV-3172-SJB, 2019 WL 3975555, at *2 (E.D.N.Y. Aug. 21, 2019).)  Modern videoconferencing technology does allow for contemporaneous presentation of exhibits.  Moreover, I have already requested that the parties "meet and confer during the trial concerning . . . the exhibits that you believe will be marked and which you will try and admit through particular witnesses" "so that I can make any rulings" and "limit the time that the jury is sitting and waiting for us." (Pretrial Conf. Tr.

---

advisory committee's note to 1996 amendment ("Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission.  The court is not bound by a stipulation, however, and can insist on live testimony.")

4

43:7-25.) To the extent that any other safeguards are needed, especially with regard to interpreters, the parties should meet and confer concerning such safeguards, perhaps using as a starting point the rules the parties had in place for remote depositions during discovery. (*See* Defs.' Reply 7.)[2]

Finally, I am satisfied that the parties have identified no French law that would prevent remote testimony. In particular, Defendants have explained that the Hague Evidence Convention is inapplicable, (Defs.' Mot. 11–12; Defs.' Reply 8), and the "law of the case" renders the French "blocking statute" irrelevant as well, (Defs.' Mot. 10–13 (citing Doc. 54 ("February 6, 2017 Order") (holding that under the circumstances Plaintiff could notice Ms. Grzeszezak's deposition pursuant to the Federal Rules of Civil Procedure, notwithstanding the French "blocking statute")). I am persuaded that "Defendants are seeking to *prevent* manifest injustice in the sense that Ms. Grzeszezak was previously compelled to testify, whereas now, when she would do so of her own accord, she would now be denied on the very same grounds that were raised in objection to her compulsory testimony." (*Id.* at 12.) Although Plaintiff contends that Defendants' answer to my question is inadequate, Plaintiff identifies no other French law that would prohibit Ms. Grzeszezak from testifying remotely—and indeed, Plaintiff suggests that the French blocking statute does not concern remote trial testimony and is thus irrelevant here. (Pl.'s Opp. 12–13.)

---

[2] I also strongly disagree with Plaintiff's inference that "the format will necessarily favor Defendants, who would benefit from any difficulties that may arise in the remote cross-examination of their witness." (Defs.' Opp. 11.) While I hope that we experience no technical difficulties at trial, such difficulties would benefit no one, least of all Defendants.

5

### III.     Conclusion

Accordingly, Defendants' motion for an order allowing Isabelle Grzeszezak to testify at trial remotely from France by videoconferencing technology is GRANTED. The Clerk of Court is respectfully directed to terminate the gavels at Docs. 191 and 192.

SO ORDERED.

Dated:     February 12, 2022
                New York, New York

_____
Vernon S. Broderick
United States District Judge