UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                              :
MARIO RINALDI,                          :
                              :
                    Plaintiff,   :
                              :           16-CV-1901 (VSB)
            -against-             :
                              :           **ORDER**
SCA LA GOUTTE, D'OR, et al.,      :
                              :
                  Defendants. :
                              :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       Before me are post-trial briefings from Defendant SCA La Goutte, D'Or ("La Goutte") and Plaintiff Mario Rinaldi ("Rinaldi"). Specifically, I am in receipt of La Goutte's motion for judgment as a matter of law, (Docs. 247, 248, 249), Rinaldi's opposition, (Docs. 257, 258), and La Goutte's reply, (Docs. 261, 262), as well as La Goutte's motion for a new trial, (Docs. 250, 251, 252), Rinaldi's opposition, (Docs. 255, 256), and La Goutte's reply, (Docs. 259, 260).

       I have reviewed the parties' submissions, and I have determined that further briefings and oral argument would assist me in my consideration of the pending motions. Specifically, I have questions related to the part of the jury instructions that read,

> If a contract has an indefinite duration and the parties have not expressly and unequivocally agreed that they will be perpetually bound, then the contract is terminable at will. 'At will' means that either party may terminate the agreement at any time for any reason, or even for no reason, without breaching the contract.

(Doc. 228 ("Trial Tr.") 1405:4-9.) Neither party addressed this aspect of the jury instructions in their post-trial briefings. It is hereby

       ORDERED that on or before July 26, 2022, La Goutte submit a memorandum addressing the following questions:

1. Would a reasonable jury have a legally sufficient evidentiary basis to find that the contract between Rinaldi and La Goutte was not terminable at will?  If so, please cite the testimony and/or documents that form that evidentiary basis.
    a. Would a reasonable jury have a legally sufficient evidentiary basis to find that the contract between Rinaldi and La Goutte had a definite duration, and if so, what was the duration?  If so, please cite the testimony and/or documents that form that evidentiary basis.
    b. Would a reasonable jury have a legally sufficient evidentiary basis to find that Rinaldi and La Goutte expressly and unequivocally agreed that they would be perpetually bound by the contract?  If so, please cite the testimony and/or documents that form that evidentiary basis.
2. If the jury found that the contract between Rinaldi and La Goutte was terminable at will, would a reasonable jury have a legally sufficient evidentiary basis to find that La Goutte nevertheless breached the contract?  If so, please cite the legal support for this finding, and the testimony and/or documents that form that evidentiary basis.
3. Would I have authority to grant judgment as a matter of law on the grounds that the contract between Rinaldi and La Goutte was terminable at will, even though La Goutte did not raise the issue in its Rule 50 motions?

IT IS FURTHER ORDERED that Rinaldi submit any reply to La Goutte's memorandum on or before August 2, 2022.

IT IS FURTHER ORDERED that the parties shall appear for oral argument on August 9, 2022 at 11:00 a.m. in Courtroom 518, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.  The parties should be prepared to discuss, among other things,

the following questions:

1. Question for La Goutte: If the jury credited testimony that the parties operated with a "gap" or delay in payments, could a reasonable jury have also found that La Goutte constructively discharged Rinaldi from the contract before Rinaldi's payments ultimately came due?

2. Question for La Goutte: While Defendant argues based on case law that in a consignment relationship, "after a sale, the supplier should be paid from that sale in full, with an accounting kept by the consignee," (Doc. 261, at 3), could a reasonable jury nevertheless have found that one-time payment in full and provision of sales records were not elements of the parties' oral contract?

    a. Where in the record is there evidence that the parties agreed that Defendant be paid from sales in full and that Rinaldi would provide an accounting?

    b. Can a party waive certain aspects of a consignment relationship, and could the jury have found such a waiver to the extent the parties' oral contact envisioned payment from sales in full and the provision of sales records?

3. Question for Rinaldi: Plaintiff argues, "The jury easily could have arrived at its final number by crediting the analysis while disagreeing with some component of the model presented by Plaintiff." (Doc. 255, at 1.) What specific component(s) of the model, if rejected, might have led a reasonable jury to arrive at a $1.5 million damages calculation, rather than the $3.3 million to $3.7 million model calculation advanced by Plaintiff's expert?

While the parties' post-trial briefings already generally address the above issues, if the parties wish to submit further briefing, La Goutte may do so on or before July 26, 2022, and

Rinaldi may do so on or before August 2, 2022.

SO ORDERED.

Dated: July 11, 2022
      New York, New York

                                        Vernon S. Broderick
                                      United States District Judge